Edgar C. Leonhardt, P.C. Town Attorney, Mohawk
You have asked whether an elected town superintendent of highways may also serve as a county fire coordinator (County Law, § 225-a).
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There is no statutory prohibition against holding these two offices. (County Law, § 411, which prohibits holding both an elective county and elective town office, is not applicable; the fire coordinator is an appointive office.) Nor is one office subordinate to the other. The only question, therefore, is whether there is an inherent inconsistency in holding the two offices. We find none.
A county fire coordinator has the duty
 "to administer the county programs for fire training and mutual aid in cases of fire and other emergencies in which the services of firemen would be used; to act as a liaison officer between the board of supervisors and the county fire advisory board and the fire fighting forces in the county and the officers and governing boards or bodies thereof; and to perform such other duties as the board of supervisors shall prescribe." (Id., § 225a[3].)
These duties do not conflict with those of a town highway superintendent. (See Highway Law, § 140.) The county fire coordinator acts as a liaison officer between county agencies and local municipal agencies within the county. Although this includes a town board (Town Law, Article 11), the duty of providing liaison between county and town does not give rise to divided loyalty. Any conflicts in views are those of the agencies; a liaison officer is a messenger, not a policy-maker. We note that the county legislative body may prescribe other duties for the fire coordinator, but these would obviously be within the field of fire coordination, not highway construction and maintenance.
We conclude that one person may serve simultaneously as a county fire coordinator and a town highway superintendent.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.